# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARVIO RAMEY,** § § | |
| Plaintiff, § § § | **CIVIL ACTION** |
| vs. § § | **FILE NO. _____** |
| **QUIKTRIP CORPORATION, JOHN DOE COMPANY, and JOHN DOE,** § § § § | |
| Defendants. § § § § | |

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF REMOVAL

COMES NOW, **QUIKTRIP CORPORATION**, Defendant in the above-styled civil action, and hereby removes Civil Action File No. 21-C-02366-S4 from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1.

Defendant QuikTrip Corporation has been sued in a civil action brought in the State Court of Gwinnett County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action have been attached as Defendant QuikTrip Corporation's Exhibit 1.

2.

The present matter is an action for damages for bodily injuries stemming from a June 23, 2019 incident alleged to have occurred at Defendant QuikTrip Corporation's retail store located at 1494 S. Jonesboro Rd., McDonough, GA 30253 (hereinafter "the subject incident"). See Exhibit 1, Complaint, ¶ 4. Plaintiff makes claims against Defendant QuikTrip Corporation for (i) ordinary negligence, (ii) negligence per se, and (iii) vicarious liability. *Id.*, Complaint, ¶¶ 6-25.

3.

The Complaint was filed March 25, 2021, in the State Court of Gwinnett County, Civil Action File No. 21-C-02366-S4. *See* Exhibit 1, Complaint.

Defendant QuikTrip Corporation was served with the Summons and Complaint on March 26, 2021.

## **DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

4.

Plaintiff Marvio Ramey is a citizen of the State of Georgia. Defendant QuikTrip Corporation is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Oklahoma with its principal place of business in the State of Oklahoma. *Id.*, Complaint, ¶ 1. Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff contends that he has "undergone medical treatment as of this filing exceeding $39,471" and "will likely face future medical treatment, including surgery, and will incur future medical expenses." D-1, Complaint, ¶ 8. Further, Plaintiff asserted a settlement demand for $2,000,000.00 and produced a surgical cost estimate for $70,558.00.

6.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v.*

*Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001).  In the present case, given the damages claimed by Plaintiff, it is facially apparent from Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met.

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7.

This Notice of Removal is filed within 30 days from the date that Defendant QuikTrip Corporation has been served with the Summons and Complaint in this matter.  Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b).

8.

Pursuant to 28 U.S.C. 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As such, Defendant QuikTrip Corporation expressly consents to the removal of this action, and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

### CONCLUSION

By this Notice of Removal, Defendant QuikTrip Corporation does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Defendant QuikTrip Corporation intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Defendant QuikTrip Corporation prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 21st day of April, 2021.

                                    **CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

                                    /s/ Candice R. Bryant

| | |
|---|---|
| Meridian II, Suite 2000 | **J. ROBB CRUSER** |
| 275 Scientific Drive | Georgia Bar No. 199480 |
| Peachtree Corners, GA  30092 | **CANDICE R. BRYANT** |
| (404) 881-2622 | Georgia Bar No. 807404 |
| (404) 881-2630 (Fax) | *Attorneys for Defendant QuikTrip Corporation* |
| rcruser@cmlawfirm.com | |
| cbryant@cmlawfirm.com | |

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following attorneys of record:

> Scott S. Cohen, Esq.
> Allison T. Newell, Esq.
> Cohen & Sinowski, P.C.
> 30 Trammell Street, S.W.
> Marietta, GA 30064
> *Counsel for Plaintiff*

I FURTHER CERTIFY that the undersigned has mailed copies of the entire pleading referenced above to all counsel of record at the above address.

This 21st day of April, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Candice R. Bryant
**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com