**General Civil and Domestic Relations Case Filing Information Form**

TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-02366-S4
3/25/2021 11:30 AM

☐ Superior or ☑ State Court of GWINNETT _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number __21-C-02366-S4__ |
| MM-DD-YYYY | |

**Plaintiff(s)**                                    **Defendant(s)**

RAMEY      MARVIO                          QUIKTRIP CORPORATION

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|------|-------|-----------|--------|--------|

JOHN DOE COMPANY

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|------|-------|-----------|--------|--------|

JOHN DOE

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|------|-------|-----------|--------|--------|

**Plaintiff's Attorney** SCOTT S. COHEN          **Bar Number** 888269          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate
  Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support,
    medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                    **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18.



TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02366-S4**
**3/25/2021 11:30 AM**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

MARVIO RAMEY          CASE NO. **21-C-02366-S4**

| | |
|---|---|
| **PLAINTIFF** | TYPE OF SUIT: AMOUNT OF SUIT: |
| | Account _____    Principal _____    $TBD |
| VS | Contract _____    Interest _____ $TBD |
| QUIKTRIP CORPORATION, JOHN DOE | Note  _____    Attys Fees. __ $TBD |
| COMPANY, AND JOHN DOE | Tort    _x_    Court Costs __$TBD |
| **DEFENDANTS** | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT

You are hereby summoned and required to file with the Clerk of said court, (address of clerk of court), and serve upon the Plaintiff's attorney or upon Plaintiff if no attorney, to wit, whose name and address is:

Scott S. Cohen, Esq.
COHEN & SINOWSKI, P.C.
30 Trammell Street, SW
Marietta, Georgia 3OO64

an answer to the complaint which is herewith served upon up, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. NOTE: Any corporate party served must be represented by a licensed attorney at law. (See Eckles v. Atlanta Technology, 267 Ga. 801).

This **MARCH 25TH 2021**
                (DATE)              **TIANA P GARNER**
                                    Clerk of State Court

                                    By _____
                                              Clerk

STAPLE TO FRONT OF ORIGINAL COMPLAINT

- 1 -

TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-02366-S4**
**3/25/2021 11:30 AM**

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **MARVIO RAMEY** | § | **CIVIL ACTION FILE** |
| Plaintiff, | § | |
| | § | **NUMBER:** 21-C-02366-S4 |
| v. | § | |
| | § | |
| **QUIKTRIP CORPORATION, JOHN** | § | |
| **DOE COMPANY, and JOHN DOE** | § | |
| | § | |
| Defendants. | § | **JUDGE:** |
| | § | |

### COMPLAINT FOR DAMAGES

COMES NOW Marvio Ramey, hereinafter referred to as "Plaintiff" and hereby files his *Complaint for Damages* against QuikTrip Corporation, John Doe Company, and John Doe, hereinafter referred to as "Defendants," and in support setting forth the following:

### JURISDICTION AND VENUE

1.

Defendant QuikTrip Corporation is a Foreign Profit Corporation, whose Principal Office Address is 4705 S 129th E. Avenue, Tulsa, OK, 74134. QuikTrip Corporation conducts regular business within the State of Georgia and as such is subject to the jurisdiction and venue of this Court.

2.

Defendant QuikTrip Corporation can be served with a copy of the Summons and Complaint by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

3.

Defendants John Doe Company and John Doe are unknown at this filing and will be named and served in accordance with Georgia law once their identities and addresses are discovered in this matter.

4.

·   Defendant QuikTrip Corporation at all times relevant to this action operated a commercial retail business known as "QuikTrip", Store 082062, located at 1494 Jonesboro RD., McDonough, GA 30253.

5.

Venue of the action is properly laid in Gwinnet County, Georgia.

**BACKGROUND**

6.

On or about June 23, 2019, Plaintiff was an invitee at the QuikTrip Store located at 1494 Jonesboro RD., McDonough, GA.

7.

As Plaintiff was walking towards the back aisle of the QuikTrip Store to purchase some hot dogs. After he grabbed the hot dogs, he turned and began to walk down the next aisle, however, there was a box of produce on the floor which was partially blocking the aisle way. Plaintiff stumbled as his foot struck the box of produce. Plaintiff fell into the front of a cooler and then fell to the floor.

8.

As a direct result of Plaintiff's fall resulted in personal injuries and he has undergone medical treatment as of this filing exceeding $39,471. Plaintiff will likely face future medical treatment, including surgery, and will incur future medical expense.

9.

There were no warning signs of the dangerous condition in the aisle-way of the box of produce. The area was completely void of any caution tape to warn of the fall danger ahead for the invitees using the aisle way.

10.

Defendants had exclusive ownership, possession and control over the property were the Plaintiff 's incident occurred at all times relevant to this litigation.

11.

## PREMISES LIABILITY

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated at this time.

12.

Plaintiff was an invitee/customer on the premises of the Defendants at the time of the fall.

13.

Defendants owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as the Plaintiff.

14.

Defendants were negligent in failing to properly remove items from the aisle ways were invitees walk; in failing to warn invitees that items, such as a box of produce, maybe ahead in the aisle way which can be a hazardous condition; in failing to take adequate measures to protect invitees from such hazards and failing to keep the premises safe.

15.

Defendants' employee or agent knew or should have known that the aisle way where the box of produce was abandoned by an employee and/or agent posed a danger to invitees for a trip

hazard. Defendants' employee and/or agents should have warned invitees about the danger or prevent the public from traversing said aisle way.

16.

Plaintiff was proceeding to turn down an aisle and did not see the box of produce which had been abandoned on the floor of the Store.

17.

Defendants' negligence was the proximate cause of Plaintiff's injuries and medical expenses in excess of $39,471.

18.

## VICARIOUS LIABILITY

Plaintiff realleges and incorporates herein the allegations contained in paragraph 1 through 17 above as if fully restated.

19.

At all times relevant to this action, the individuals responsible for inspecting, stocking retail items, and maintaining the area where the Plaintiff fell were employed by Defendants and were acting within the scope of their employment. Plaintiff at this time is unaware of the name or names of the Defendants employees and/or agents responsible for invitee safety at the time of this incident.

20.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat* superior, agency, or apparent agency. Defendants' negligence as stated above was sole and proximate cause of the Plaintiff's injures and incurred medical expenses in excess of $39,471.

21.

## NEGLIGENT TRAINING & SUPERVISION

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

### 22.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for dangerous conditions were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

### 23.

Defendants were negligent in training and supervising its staff.

### 24.

As result of Defendants' negligence in failing to train and supervise its staff so to detect the dangerous condition for pedestrians traffic having access to the Store.

### 25.

As result of Defendants' negligence in failing to warn and make safe the premises the Plaintiff as an invitee was injured and has pain and suffering and medical expenses in excess of $39,471.

WHEREFORE, the Plaintiff prays for relief as against the Defendants herein, as follows:

(a)     For trial by jury.

(b)     For judgment in Plaintiff's favor for his past and future mental and physical pain and suffering in an amount to be determined by a jury.

(c)     For judgment in Plaintiff's favor for his past and future medical expenses and other expenses.

(d)     For costs and expenses; and

(e)      For such other and further relief as the Court deems just and proper.


This 25th day of March 2021.

> *Respectfully Submitted*
>
> **COHEN & SINOWSKI,**
> A PROFESSIONAL CORPORATION
>
> /s/ *Scott S. Cohen*_____
> **Scott S. Cohen**
> Georgia Bar Number 888269
> scott@candspc.com
>
> /s/ *Allison T. Newell*
> **Allison T. Newell**
> Georgia Bar Number 984808
> Attorneys for the Plaintiff
> taylor@candspc.com

TIANA P. GARNER
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-02366-S4
3/25/2021 11:30 AM

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| **MARVIO RAMEY** | § | **CIVIL ACTION FILE** |
| Plaintiff, | § | |
| | § | |
| v. | § | **NUMBER:** 21-C-02366-S4 |
| | § | |
| QUIKTRIP CORPORATION, JOHN | § | |
| DOE COMPANY, and JOHN DOE | § | |
| Defendants. | § | **JUDGE:** |
| | § | |

### CERTIFICATE OF SERVICE OF DISCOVERY

In accordance with Uniform Superior Court Rule 5.2(2), the undersigned hereby certifies that the following **Plaintiff's First Requests for Admission to Defendant; Plaintiff's First Continuing Interrogatories to Defendant; and Plaintiff's First Requests for Production of Documents to Defendant** has been served for delivery for service with the summons in the above styled case by depositing a copy of the same in the United States mail in an appropriately addressed envelope with adequate postage there on as follows:

QUIKTRIP CORPORATION
4705 South 129th East Ave,
Tulsa, OK 74101

Respectfully submitted this March 25, 2021.

*Respectfully Submitted*

**COHEN & SINOWSKI,**
A PROFESSIONAL CORPORATION

/s/ *Scott S. Cohen*
**Scott S. Cohen**
Georgia Bar Number 888269

E FILED IN OFFICE O
TIANA P. GARNE
CLERK OF STATE COUR
GWINNETT COUNTY, GEORGI
**21-C-02366-S**
3/29/2021 9:41 AM

## AFFIDAVIT OF SERVICE

State of Georgia                    County of GWINNETT                    State Court

Case Number: 21-C-02366-S4

Plaintiff: ,
**MARVIO RAMEY,**

vs.

Defendant:
**QUIKTRIP CORPORAITON, JOHN DOE COMPANY, and JOHN DOE,**

For:
Scott Cohen
COHEN & SINOWSKI, P.C.
30 TRAMMELL ST. S.W.
MARIETTA, GA 30064

Received by Discrete Professional Services L. L. C. on the 25th day of March, 2021 at 5:53 pm to be served on **QUIKTRIP CORPORATION c/o REGISTERED AGENT: C T CORPORATION SYSTEM, 289 S CULVER ST, LAWRENCEVILLE, GA 30046.**

I, MUHSIN S. HASSAN, being duly sworn, depose and say that on the **26th day of March, 2021** at **10:18 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS and COMPLAINT FOR DAMAGES and PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND FIRST REQUESTS TO PRODUCE TO DEFENDANT QUIKTRIP CORPORATION and CERTIFICATE OF SERVICE OF DISCOVERY and GENERAL CIVIL and DOMESTIC RELATIONS CASE FILING INFORMATION FORM** to: LINDA BANKS for The **REGISTERED AGENT**, at the address of: **289 S. CULVER STREET, LAWRENCEVILLE, GA 30046** on behalf of **QUIKTRIP CORPORATION**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to nor interested in the above suit.  I have personal knowledge of the facts stated above.  I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

(notary seal: ERNESTINE BELL / NOTARY PUBLIC / CLAYTON COUNTY, GEORGIA / MY COMMISSION EXPIRES JANUARY 1, 2022)

_MUHSIN S. HASSAN_
**MUHSIN S. HASSAN**

Subscribed and Sworn to before me on this
_27TH_ day of _MARCH_, 20 _21_, by the
affiant who is personally known to me or has show
acceptable identification.

_Ernestine Bell_
NOTARY PUBLIC

**Discrete Professional Services L. L. C.**
**P.O. Box 451081**
**Atlanta, GA 31145**
**(470) 454-3107**

Our Job Serial Number: DIS-2021000309
Ref: RAMEY v. QUIKTRIP CORPORATION, et.al.

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1u

py from re:SearchGA

FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR(
**21-C-02366-**
**4/21/2021 1:08 F**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

MARVIO RAMEY,                      §
                                   §
    **Plaintiff,**              §
                                   §     **CIVIL ACTION**
vs.                                §
                                   §     **FILE NO. 21-C-02366-S4**
QUIKTRIP CORPORATION, JOHN DOE     §
COMPANY, and JOHN DOE,             §
                                   §
    **Defendants.**            §
                                   §

---

## DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW **QUIKTRIP CORPORATION**, a Defendant in the above-styled civil action, and files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claim is barred as the "plain view" doctrine articulated in Robinson v. Kroger Co., 268 Ga. 735, 493 S.E.2d 403 (1997) applies to impute equal knowledge of the alleged hazard to Plaintiff, and Plaintiff's failure to exercise ordinary care for his own safety bars his claim.

### SECOND DEFENSE

This Defendant has breached no duty owed to the Plaintiff.

### THIRD DEFENSE

No act or omission of this Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

## FOURTH DEFENSE

Plaintiff's claim is barred due to improper venue.

## FIFTH DEFENSE

Plaintiff is barred from recovering from this Defendant for the reasons that any such alleged condition was open and obvious such that Plaintiff's knowledge of such condition was either equal to or greater than that of this Defendant.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against QuikTrip Corporation for negligent hiring, training, and supervision.

## SEVENTH DEFENSE

For a next Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendant admits that its principal office address is 4705 S. 129th E. Ave., Tulsa, OK, 74134 and that it conducts regular business within the state of Georgia.  This Defendant denies the remaining allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4.

Defendant admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

## BACKGROUND

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

Defendant denies the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies as pled the allegations contained within Paragraph 10 of Plaintiff's Complaint.

## PREMISES LIABILITY

11.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 10 of Plaintiff's Complaint as if those responses were set forth herein by reference.

12.

Defendant can neither admit nor deny the allegations contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

13.

Defendant denies as pled the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Complaint.

## **VICARIOUS LIABILITY**

18.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 17 of Plaintiff's Complaint as if those responses were set forth herein by reference.

19.

This Defendant admits that at all times relevant to this action, the individuals responsible for inspecting, stocking retail items, and maintaining the area where Plaintiff fell were employed

by this Defendant and were acting within the scope of their employment.  This Defendant can neither admit nor deny the remaining allegations contained within Paragraph 19 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

20.

This Defendant admits the applicability of the doctrine of *respondeat superior* with regard to its employees only but denies any negligence or liability and the remaining allegations of Paragraph 20 of Plaintiff's Complaint.  This Defendant denies the remaining allegations contained within Paragraph 20 of Plaintiff's Complaint.

## NEGLIGENT TRAINING AND SUPERVISION

21.

Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 20 of Plaintiff's Complaint as if those responses were set forth herein by reference.

22.

Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

27.

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant QUIKTRIP CORPORATION prays that it be discharged without costs.

**A TRIAL BY A JURY OF TWELVE IS DEMANDED.**

This 21st day of April, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

MARVIO RAMEY, §
§
Plaintiff, §
§          CIVIL ACTION
vs. §
§          FILE NO. 21-C-02366-S4
QUIKTRIP CORPORATION, JOHN DOE §
COMPANY, and JOHN DOE, §
§
Defendants. §
§

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Scott S. Cohen, Esq.
Allison T. Newell, Esq.
Cohen & Sinowski, P.C.
30 Trammell Street, S.W.
Marietta, GA  30064

This 21st day of April, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/278/00065/PLEADING/03021315.DOCX }

E FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**21-C-02366-**
**4/21/2021 1:08 F**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

MARVIO RAMEY,                        §
                                     §
        Plaintiff,                   §
                                     §     **CIVIL ACTION**
vs.                                  §
                                     §     **FILE NO. 21-C-02366-S4**
QUIKTRIP CORPORATION, JOHN DOE       §
COMPANY, and JOHN DOE,               §
                                     §
        Defendants.                  §
                                     §

## DEFENDANT QUIKTRIP CORPORATION'S DEMAND
## FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **QUIKTRIP CORPORATION**, named as a Defendant in the above-styled

civil action, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. §

15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12.  If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

This 21st day of April, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARVIO RAMEY, §<br>§<br>    Plaintiff, §<br>§<br>vs. §<br>§<br>QUIKTRIP CORPORATION, JOHN DOE §<br>COMPANY, and JOHN DOE, §<br>§<br>    Defendants. §<br>§ | CIVIL ACTION<br><br>FILE NO. 21-C-02366-S4 |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Scott S. Cohen, Esq.
Allison T. Newell, Esq.
Cohen & Sinowski, P.C.
30 Trammell Street, S.W.
Marietta, GA  30064

This 21st day of April, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

{Firm/278/00065/PLEADING/03023194.DOCX }

E-FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**21-C-02366-**
4/21/2021 1:08 F
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARVIO RAMEY,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION** |
| | § | |
| **vs.** | § | **FILE NO. 21-C-02366-S4** |
| | § | |
| **QUIKTRIP CORPORATION, JOHN DOE** | § | |
| **COMPANY, and JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Scott S. Cohen, Esq.
Allison T. Newell, Esq.
Cohen & Sinowski, P.C.
30 Trammell Street, S.W.
Marietta, GA 30064

I FURTHER CERTIFY that in accordance with O.C.G.A. § 9-11-29.1(a), Filing of Discovery Materials, the undersigned is responsible for service of the above document and acknowledges that he/she is in possession of the original of the foregoing and the custodian thereof, the same to be held in accordance with the foregoing Code section.

This 21st day of April, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant*

{Firm/278/00065/DISC/03017646.DOCX }

E FILED IN OFFICE
CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**21-C-02366-**
**4/21/2021 1:08 F**
TIANA P. GARNER, CLE

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARVIO RAMEY,** | § § § | |
| Plaintiff, | § § | **CIVIL ACTION** |
| vs. | § § | **FILE NO. 21-C-02366-S4** |
| **QUIKTRIP CORPORATION, JOHN DOE COMPANY, and JOHN DOE,** | § § § § | |
| Defendants. | § § | |

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF FILING NOTICE OF REMOVAL

**TO:   Plaintiff MARVIO RAMEY, c/o his attorneys**

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant QuikTrip

Corporation has filed a Notice of Removal of the above-styled action to the United States

District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached

hereto and by reference made a part hereof.

This 21st day of April, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip
Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

{Firm/278/00065/PLEADING/03023218.DOCX }

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MARVIO RAMEY,                          §
                                       §
    Plaintiff,                    §
                                       §     CIVIL ACTION
vs.                                    §
                                       §     FILE NO. _____
QUIKTRIP CORPORATION,                  §
JOHN DOE COMPANY, and                  §
JOHN DOE,                              §
                                       §
    Defendants.                   §
                                       §
_____          §

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF REMOVAL

COMES NOW, **QUIKTRIP CORPORATION**, Defendant in the above-styled civil action, and hereby removes Civil Action File No. 21-C-02366-S4 from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for its removal states as follows:

## STATEMENT OF THE CASE

1.

Defendant QuikTrip Corporation has been sued in a civil action brought in the State Court of Gwinnett County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action have been attached as Defendant QuikTrip Corporation's Exhibit 1.

2.

The present matter is an action for damages for bodily injuries stemming from a June 23, 2019 incident alleged to have occurred at Defendant QuikTrip Corporation's retail store located at 1494 S. Jonesboro Rd., McDonough, GA 30253 (hereinafter "the subject incident"). See Exhibit 1, Complaint, ¶ 4. Plaintiff makes claims against Defendant QuikTrip Corporation for (i) ordinary negligence, (ii) negligence per se, and (iii) vicarious liability. *Id.*, Complaint, ¶¶ 6-25.

3.

The Complaint was filed March 25, 2021, in the State Court of Gwinnett County, Civil Action File No. 21-C-02366-S4.   *See* Exhibit 1, Complaint.

Defendant QuikTrip Corporation was served with the Summons and Complaint on March 26, 2021.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

4.

Plaintiff Marvio Ramey is a citizen of the State of Georgia.   Defendant QuikTrip Corporation is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Oklahoma with its principal place of business in the State of Oklahoma.   *Id.*, Complaint, ¶ 1.   Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff contends that he has "undergone medical treatment as of this filing exceeding $39,471" and "will likely face future medical treatment, including surgery, and will incur future medical expenses."  D-1, Complaint, ¶ 8.  Further, Plaintiff asserted a settlement demand for $2,000,000.00 and produced a surgical cost estimate for $70,558.00.

6.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v.*

*Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001).  In the present case, given the damages claimed by Plaintiff, it is facially apparent from Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7.

This Notice of Removal is filed within 30 days from the date that Defendant QuikTrip Corporation has been served with the Summons and Complaint in this matter.  Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b).

8.

Pursuant to 28 U.S.C. 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As such, Defendant QuikTrip Corporation expressly consents to the removal of this action, and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## CONCLUSION

By this Notice of Removal, Defendant QuikTrip Corporation does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  Defendant QuikTrip Corporation intends no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, Defendant QuikTrip Corporation prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 21st day of April, 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Candice R. Bryant
**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following attorneys of record:

> Scott S. Cohen, Esq.
> Allison T. Newell, Esq.
> Cohen & Sinowski, P.C.
> 30 Trammell Street, S.W.
> Marietta, GA 30064
> *Counsel for Plaintiff*

I FURTHER CERTIFY that the undersigned has mailed copies of the entire pleading referenced above to all counsel of record at the above address.

This 21st day of April, 2021.

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

/s/ Candice R. Bryant

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARVIO RAMEY,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION** |
| | § | |
| **vs.** | § | **FILE NO. 21-C-02366-S4** |
| | § | |
| **QUIKTRIP CORPORATION, JOHN DOE** | § | |
| **COMPANY, and JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANTS QUIKTRIP CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of Court using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to the following counsel of record:

Scott S. Cohen, Esq.
Allison T. Newell, Esq.
Cohen & Sinowski, P.C.
30 Trammell Street, S.W.
Marietta, GA 30064

This 21st day of April, 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**J ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip*
*Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com