### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **MARVIO RAMEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION FILE** |
| **vs.** | § | |
| | § | **NO. 1:21-cv-01634-AT** |
| **QUIKTRIP CORPORATION,** | § | |
| **JOHN DOE COMPANY, and** | § | |
| **JOHN DOE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT QUIKTRIP CORPORATION'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, QUIKTRIP CORPORATION (hereinafter "QuikTrip"), a named Defendant in the above-styled civil action, and, pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, hereby file this Memorandum of Law in Support of its Motion for Summary Judgment, showing the Court as follows:

### INTRODUCTION

This is an alleged "stumble-and-fall" case that was captured on videotape at approximately 3:28:55 a.m. on June 23, 2019 at QuikTrip store No. 820, located at 1494 S. Jonesboro Rd., McDonough, GA 30253. Plaintiff Marvio Ramey ("Plaintiff") alleges that he "stumbled" and fell as his foot struck a box of produce

on the floor of the subject store.   Based on the undisputed facts, Plaintiff is unable to satisfy the elements necessary to establish a premise liability claim and summary judgment should be granted in favor of QuikTrip pursuant to the plain view doctrine and prior traverse rule.

## STATEMENT OF FACTS

### I.    PLAINTIFF HAD BEEN TO THE SUBJECT QUIKTRIP STORE MANY TIMES BEFORE THE ACCIDENT.

Plaintiff had been going to the subject QuikTrip store "almost every weekend" before the fall.  *See* Excerpts of Deposition of Plaintiff Marvio Ramey, p. 35, ll. 12-16, attached hereto as Defendant's Exhibit 1.   Plaintiff worked weekends for about ten years at a flea market near the subject QT store.  *Id*. at p. 35, ll. 17-24.  On the date of the subject fall, Plaintiff and his helper drove to the subject QT store before starting work at the nearby flea market.  *Id*. at p. 49, ll. 3-6. His helper wanted to get something to eat and Plaintiff planned to maybe get gas and something to eat as well.  *Id*. at p. 49, ll. 12-15.  After his helper went into the store, Plaintiff sat in his truck and then decided to go into the store, passing his helper as he was walking back out to the truck.  *Id*. at p. 50, ll. 2-5.

II.    **PLAINTIFF ALLEGES TO HAVE FELL AFTER STUMBLING WHEN HIS FOOT STRUCK A BANANA BOX ON THE FLOOR OF DEFENDANT'S STORE.**

In his Complaint, Plaintiff alleges the following:

As Plaintiff was walking towards the back aisle of the QuikTrip Store to purchase some hot dogs. After he grabbed the hot dogs, he turned and began to walk down the next aisle, however, there was a box of produce on the floor which was partially blocking the aisle way. **Plaintiff stumbled as his foot struck the box of produce.** Plaintiff fell into the front of a cooler and then fell to the floor.

*See* Plaintiff's Complaint, attached as Defendant's Exhibit 2, ¶ 7.

Plaintiff described the subject box as brown with yellow bananas visible from the top. D-1 at p. 55, ll. 5-16. The banana box, see below photograph, was a grey colored crate box that contained a brown box of yellow bananas to be stocked. *See* Post-fall Photograph of banana box taken Plaintiff Marvio Ramey, attached hereto as Defendant's Exhibit 3. The banana box was placed directly against a display on the floor of an aisle. *Id*.; D-1 at p. 57, ll. 1-16.



D-3.

## III.  DESPITE STORE VIDEO PLAINTIFF DENIES SEEING BANANA BOX PRIOR TO HIS FALL.

Plaintiff denied seeing the banana box prior to this fall. *Id*. at p. 54, ll. 24-25;

p. 55, l. 1.  He further denied that there was anything blocking his view of the

banana box as he turned the corner just prior to falling.  *Id*. at p. 63, ll. 21-25.

## IV.  PLAINTIFF WAS NOT LOOKING WHERE HE WAS GOING AT THE TIME OF HIS FALL.

Plaintiff testified that he was looking at the drinks in the coolers in front of

him at the time of the subject fall, not at the ground.  *Id*. at p. 54, ll. 11-17.

**V.**   **DESPITE STORE VIDEO, PLAINTIFF DENIES WALKING DOWN AISLE WHERE BANANA BOX WAS LOCATED PRIOR TO HIS FALL.**

Plaintiff testified that he entered the subject store around 3:00 a.m. and went down the first aisle to the hotdogs, where he made 2 hotdogs, and then to the hotdog condiment aisle before going to the register.  *Id*. at p. 35, ll. 2-5; p. 51, ll. 3-8.  At the register, he then decided he wanted a drink and alleges to have walked down the center aisle where the doughnuts are before turning to go down the aisle where the banana box was located.  *Id*.  Plaintiff alleges that he fell on the banana box as he turned down this aisle. *Id*.  Plaintiff testified that he did not walk down the aisle where the banana box was located prior to his fall.  *Id*. at p. 57, ll. 23-25; p. 58, ll. 1-4.

However, this is contradicted by store video, which captured Plaintiff walking down the aisle past the banana box approximately *five minutes prior to his fall*. *See* QuikTrip Store Video – SF Fountain view at 3:23:48 a.m., attached as Defendant's Exhibit 4.  Despite his testimony that he entered the store and went directly to the hotdog aisle near the front of the store and did not traverse the aisle where the banana box sat prior to his fall, store video confirms Plaintiff entered the store at 3:23:11 a.m., continued walking straight past the checkout counter and made a left to walk down the back aisle towards the back of the store, stopping

briefly to browse snacks.  *Id*.  After browsing the snacks for about sixteen seconds,

Plaintiff then continued walking down the back aisle and made a left turn and

walked down the aisle past the banana box at 3:23:48, see below screenshot from

store video[1]:



After walking past the banana box, Plaintiff then walks up the center

doughnut aisle, stopping along the way to browse snacks, before walking back to

the snack section in the back aisle of the store.  *Id*.  After browsing the snacks on

the back aisle again, Plaintiff then returns to the front of the store, back down the

center doughnut aisle to continue browsing snacks.  *Id*.  At 3:25:44 a.m., about two

minutes after entering the store, Plaintiff finally goes over to prepare hotdogs.  *Id*.

After preparing his hotdogs, Plaintiff then walks around to the center doughnut

---

[1] The yellow arrow points to Plaintiff as he walks past the banana box prior to his fall.  The green arrow points to
where the banana box is located on the ground.

aisle to get condiments for the hotdogs.  *Id*.  After getting condiments and something out of the bakery cabinet and about five minutes after initially traversing the aisle where the banana box sat, at 3:28:52 a.m., Plaintiff then walks back towards the back aisle, *past the banana box again*, when he falls, see below screenshot from store video[2]:



## <u>STANDARD FOR SUMMARY JUDGMENT</u>

Pursuant to Fed. R. Civ. P. 56, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986), the Supreme Court

---

[2] The yellow arrow points to Plaintiff as he walks down the subject aisle for a second time and just prior to his "stumble" into the banana box just before his fall.  The green arrow points to where the banana box is located on the ground.

explained that there is no material issue of fact for trial if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." The Court further explained that "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted" (emphasis added). *Id.*, at 249-250, 106 S. Ct. at 2511.

The party moving for summary judgment bears the responsibility of informing the Court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  Once this has been done, the nonmoving party must then go beyond the pleadings and by affidavits, depositions, or otherwise, designate facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Velten v. Regis B. Lippert, Intercat, Inc.*, 985 F.2d 1515, 1523 (11th Cir. 1993).  "This requires more than showing a mere scintilla of evidence; the nonmovant must show that reasonable jurors could find by a preponderance of the evidence that the nonmovant is entitled to a verdict." *Velten*, 985 F.2d at 1523 (*citing Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512).  After adequate time for discovery, Rule 56(c) "mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## ARGUMENT AND CITATION OF AUTHORITY

### I.  SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF POSSESED EQUAL KNOWLEDGE OF THE BANANA BOX UNDER THE "PLAIN VIEW" DOCTRINE

In order to recover under a premises liability claim in Georgia, "an invitee must prove that (1) the defendant had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, *despite the exercise of ordinary care*, due to actions or conditions within the control of the premises owner." *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (1997) (emphasis supplied).   Georgia law requires that the Plaintiff "must show that their knowledge of the hazard that caused his injuries was superior to his own." *Norman v. Jones Lang LaSalle Ams., Inc.*, 277 Ga. App. 621, 627 S.E. 2d 382 (2006).  The *Norman* court reasoned, "in other words, he must present some evidence demonstrating that (1) the defendant had actual or constructive knowledge of the hazard and (2) he lacked knowledge of the hazard **despite his exercise of ordinary care** *and* that his lack of knowledge was due to conditions within the defendant's control." *Id*. at 623, 624. (emphasis added).  The true basis for an owner's liability is his *superior knowledge* of the existence of a condition

that could subject his invitees to an unreasonable risk of injury." *Garrett v. Hanes* 273 Ga. App. 894, 895, 616 S.E.2d 202 (2005) (emphasis added).

Defendant concedes that the *Robinson* court criticized and narrowed the old "plain view" doctrine finding that, "…it has been used in such a manner as to remove any reasonable limits on its application when it has repeatedly been held that a hazard which was not seen by the invitee before the fall but which could have been seen by the invitee had the invitee looked at the floor is a 'plainly visible defect' in 'plain view,' and the failure of the invitee to see such a hazard bars recovery under the 'plain view' doctrine." Yet, the "plain view" doctrine, while limited, is not dead. *Robinson v. Kroger Co.,* 268 Ga. 735 at 742.

An invitee "…*must use all senses to discover and avoid hurtful things." Id.* 268 Ga at 741 (emphasis added). An invitee is charged with constructive knowledge of the alleged hazard **regardless** of whether he had actual knowledge of the hazard, which, in turns, bars his recovery:

> The "plain view" doctrine is the equivalent of the "constructive knowledge" aspect of voluntary negligence on the part of the plaintiff. Voluntary negligence is applicable when the invitee knew or should have known of the hazard and proceeded, and the "plain view" doctrine is applied to a hazard in plain view at a location where it is customarily found and can be expected to be, but which the invitee professes not to have seen prior to the fall. Even though the invitee had no actual knowledge of the hazard before being injured, the invitee should have known of the hazard's presence.

*Robinson v. Kroger Co.*, 268 Ga, 735, 743 (1997) (citation omitted).

More specifically, in premises liability cases involving *boxes on the ground*, Georgia Courts have long recognized that "a merchant may place cartons and containers in the aisles while he places articles on the display shelves." *Capes v. Dollar General Corporation*, 256 Ga. App. 101 (2002) *citing Bruno's, Inc. v. West*, 224 Gap. App. 420 (1997).  Further, Georgia Courts have routinely found that boxes on the ground of a store does not pose a hidden hazard: "Rather, large, flattened cardboard boxes in plain and unobstructed view on a store floor are items "which a person with ordinary, common sense would recognize as something that might cause a person to trip, slip or fall." *Houston v. Wal-Mart Stores East, L.P. et al.*, 324 Ga. App. 105, 108 (2013).  Further, in *Capes*, plaintiff tripped and fell while trying to step over one of many boxes "strewn" about the aisles of the store to be stocked.  *Capes* at 101.  The Georgia Court of Appeals granted summary judgment in favor of defendant store on the grounds that the box "was in plain and unobstructed view and thus "nothing prevented [her] from observing the hazard posed." *Id*. at 109.

In the case at hand, the banana box was in **plain and unobstructed view** at all times as Defendant's employee stocked the store during the overnight hours. D-3; D-4.   The banana box, a grey colored crate box containing a brown box with

*yellow bananas visible from the open top,* was easily discernable from QuikTrip's red colored floor. *Id.* Further, Plaintiff readily admitted nothing prevented him from seeing the box prior to his fall. D-1 at p. 63, ll. 21-25. The banana box was no hidden hazard and easily discernable to countless other customers traversing the subject aisle. D-4. Given this precedent, the uncontradicted evidence of record and Plaintiff's knowledge of the banana box- by virtue of the plain view doctrine- summary judgment for Defendant is warranted in this case.

## II.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO EXERCISE ORDINARY CARE FOR HIS OWN SAFETY

In Georgia premises liability cases, it is well established that "[t]he owner is not required to warrant the safety of all persons from all things." *Robinson,* 268 Ga. at 740. Plaintiff is required to exercise ordinary care for his own safety. *Hamilton v. Kentucky Fried Chicken of Valdosta, Inc.*, 248 Ga. App 245, 545 S.E.2d 375 (2001). This includes Plaintiff in the instant case. Just as an owner must exercise "diligence" in making their premises safe for its invitees, so must invitees exercise a certain degree of care for their own safety while traversing the owner's premises. *Id.* The court in *Robinson* defines the ***invitee's duty*** as follows:

> An invitee is charged with exercising ordinary care for personal safety and using ordinary care to avoid the effect of the owner/occupier's negligence after that negligence becomes apparent to the invitee or in the exercise of ordinary care the invitee should have learned of it. In

the exercise of ordinary care, ***the invitee must use all senses to
discover and avoid hurtful things.***
*Id.* at 741 (emphasis added).

The holding in *Robinson* charges invitees like Plaintiff in the present suit,

with a duty to exercise "ordinary care to avoid the effect of [even] the owner's

negligence…" *Id.* A patron is therefore responsible for his own safety to the

degree that he has a personal obligation to remain aware of potential hazards in his

environment, no matter what the origin of the danger may be.

In the present case, the subject fall took place during the overnight hours at

3:28:52 a.m. D-4. The subject banana box was placed on the ground, directly

against the display, to be stocked. D-1 at p. 57, ll. 1-16; p. 71, ll. 22-24. The

banana box was open and obvious and not hidden nor hard to see. D-3; D-4.

Moreover, the banana box, a grey colored crate box containing a brown box with

yellow bananas visible from the open top, was easily discernable from QuikTrip's

red colored floor. *Id.* Plaintiff, by his own admissions, did not exercise reasonable

care for his own safety by failing to observe the open and obvious condition of the

banana box that was in plain view to anyone traversing the subject aisle.

Plaintiff did not exercise ordinary care for his own safety by looking where

he was walking or noticing the banana box, a grey crate box containing a brown

box with yellow bananas visible from the top, that he previously walked past on

the ground.  D-1; p. 54, ll. 11-17; 24-25; p. 55, l. 1.  Plaintiff further admitted that

he was looking at "the drinks" in the coolers ahead and not at the ground in front of

him.  *Id.* at p. 54, ll. 15-17.  Plaintiff further denied seeing the banana box at any

point prior to his fall.  *Id.* at p. 54, ll. 24-25; p. 55, l. 1.  Plaintiff cannot recall

anything preventing him from seeing anything on the ground prior to his fall.  *Id.* at

p. 63, ll. 21-25.  However, the fact that Plaintiff claims that he did not see the box

prior to his fall does not create a material issue of fact as a he is to be held to the

standard of if he exercised "**the prudence the ordinarily careful person would**

**use in a like situation**."  *Ingles Markets, Inc. v. Seymour*, 356 Ga. App. 889, 891

(2020) *citing McCoy*, 238 Ga. App. 544 (1999).  (emphasis added).  In the case at

hand, the evidence of record indicates that Plaintiff failed to exercise "**the**

**prudence the ordinarily careful person would use in a like situation**" as he

failed to see the banana box on the ground in plain and unobstructed view as the

countless other customer did that evening.  D-1; p. 54, ll. 11-17; 24-25; p. 55, l. 1;

p. 63, ll. 21-25; D-4.

Based on this undisputed evidence, Plaintiff failed to exercise ordinary care

for his own safety and, therefore, his claim is barred under *Robinson v. Kroger Co.*,

268 Ga. 735, 493 S.E.2d 403 (1997).

III.   **THE PRIOR TRAVERSAL RULE BARS PLAINTIFF'S PREMISES LIABILITY CLAIM**

Plaintiff's claim still fails because he had safely traversed the area in which he fell about five minutes prior to his fall, triggering the prior traversal rule.  *El Ranchero Mexican Restaurant No. 10 v. Hiner*, 316 Ga. App. 115 (2012); *Ballard v. Burnham*, 256 Ga. App. 531, 568 S.E.2d 743 (2002); *Flagstar Enterprises, Inc. v. Burch*, 267 Ga. App. 856 (2004); and *Muskett v. Sketchley Cleaners,* 297 Ga. App. 561, 564, 677 S.E.2d 731 (2009).  In *El Ranchero*, the Court of Appeals reversed the denial of the restaurant's motion for summary judgment because the plaintiff had walked over the allegedly dangerous area prior to the fall.  As the court held, "when a person successfully negotiates a dangerous condition, she is presumed to have knowledge of that condition and cannot recover for a subsequent injury resulting from the hazard."  "In cases where this rule has been applied, however, the defect causing the fall invariably has been a static condition **readily discernable to a person exercising reasonable care for his own safety**." *Ingles Markets, Inc. v. Seymour*, 356 Ga. App. 889, 890 (2020) *citing McCoy*, 238 Ga. App. 544 (1999).  (emphasis added).

In *Houston v. Wal-Mart Stores East, L.P. et al.*, 324 Ga. App. 105, 109 (2013), the Georgia Court of Appeals held, in a case where a Plaintiff fell after pushing his shopping cart over flattened boxes that he previously traversed seconds

before, "because the uncontroverted evidence shows that Houston [plaintiff] safely traversed the flattened cardboard boxes immediately before his fall, he is **presumed to have had knowledge of that hazard and cannot recover for his injuries resulting therefrom**." (emphasis added).  These cases all stand for the proposition that a property owner is entitled to summary judgment when the prior traversal rule is triggered.

Here, the prior traversal rule applies.  Despite his testimony otherwise, store video confirms Plaintiff traversed the subject aisle and walked past the banana box on the ground prior to his fall.  D-4.  Plaintiff initially walked down the subject aisle and past the banana box at 3:23:48 a.m.  *Id*.  About five minutes after initially traversing the aisle where the banana box sat, at 3:28:52 a.m., Plaintiff then walks back towards the back aisle, *past the banana box again*, when he falls.  *Id*.  As Plaintiff safely traversed the subject aisle and walked past the banana box approximately five minutes prior to his subsequent fall, Plaintiff is **"presumed to have had knowledge of that hazard and cannot recover for his injuries"**. *Houston* at 109. (emphasis added).

Further, the banana box was **readily discernable to a person exercising reasonable care for his own safety**.  The banana box was open and obvious and not hidden nor hard to see.  D-3; D-4.  Moreover, the banana box, a grey colored

crate box containing a brown box with *yellow bananas visible from the open top,* was easily discernable from QuikTrip's red colored floor.  *Id.*  Moreover, countless other customers traversed the subject aisle without incident.  D-4.  Plaintiff, by his own admissions, did not exercise reasonable care for his own safety by failing to observe the open and obvious condition of the banana box that was in plain view to anyone traversing the subject aisle.  Therefore, the prior traversal rule applies and bars Plaintiff's premises liability claim, as a matter of law.

## CONCLUSION

As shown above, there is insufficient evidence to create a jury issue as to Plaintiff's claims.  Therefore, Defendant's Motion for Summary Judgment should be granted.

Respectfully submitted this 16ᵗʰ day of March, 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**


/s/ Candice R. Bryant
**J. ROBB CRUSER**
Georgia Bar No. 199480
**CANDICE R. BRYANT**
Georgia Bar No. 807404
*Attorneys for Defendant QuikTrip
Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
rcruser@cmlawfirm.com
cbryant@cmlawfirm.com

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT QUIKTRIP CORPORATION'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following attorneys of record:

Scott S. Cohen, Esq.
Allison T. Newell, Esq.
Cohen & Sinowski, P.C.
30 Trammell Street, S.W.
Marietta, GA  30064
*Counsel for Plaintiff*

This 16th day of March, 2022.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**


/s/ Candice R. Bryant
Meridian II, Suite 2000            **J. ROBB CRUSER**
275 Scientific Drive               Georgia Bar No. 199480
Peachtree Corners, GA  30092       **CANDICE R. BRYANT**
(404) 881-2622                     Georgia Bar No. 807404

{Firm/278/00065/PLEADING/03462999.DOCX }            - 18 -

(404) 881-2630 (Fax)  
rcruser@cmlawfirm.com  
cbryant@cmlawfirm.com

*Attorneys for Defendant QuikTrip*  
*Corporation*